Thank you, Judge. Again, I'm Jason Wagus, back appearing today for the appellants A.P.T.X. and Crowley. Under the Limitation of Liability Act and under Rule F of the Supplemental Rules for Admiralty Claims, parties seeking the benefit of exoneration or limitation under the Act to comply with the requirements of both the Act and Rule F are entitled to an injunction enjoining further prosecution of any action against them with respect to any claim in the limitation. The issue today, which we believe to be an issue of first impression in the Fifth Circuit, is when is it appropriate for the injunction to be dissolved by the District Court. By way of background— Now we're here at oral argument on the appeal. Let's say you're right, I mean just assuming, what relief can we provide? Because the stay's been in place until now. It looked like there was a state court trial. Did that go forward? It did not. The state court trial was bumped and it is now scheduled to go to trial on the 27th of June. The issue that we have is we have filed an appeal as to the District Court's finding, particularly with regard to the liability of APTX, but also with regard to whether or not Crowley is seeking limitation. When the District Court dissolved the injunction, the claimants in the state court went to state court and immediately filed a motion to ask the state court to recognize the res judicata effect of the findings of liability as to both APTX and Crowley. The District Court granted that motion. So when we go to trial on the 27th of June, the jury is going to be instructed that both APTX and Crowley are 100 percent liable for the claimant's damages. If this court decides otherwise, that's going to create contradictory findings from the state court and this court or the federal courts on the same allusion. And we submit that that is prejudicial to the defendants. I'm a little confused about that. I mean, don't you need a case usually has to end before it has preclusive effect? But you're saying the state court's already giving a preclusive effect. And that's the argument. That's an issue with the state court to take up with the state court. Well, the state court, when the state court issued the order of res judicata, noted that the case was on appeal. So if we are successful on the appellate level, we would have to go in and try to argue to the state court that the res judicata effect was premature at the time because this appeal was still pending. So the idea basically, you need us to either decide the first appeal in time for this next proceeding or grant your relief on the second appeal. Or grant the stay. Or grant the stay on the second appeal. Yes, Your Honor. Yes, Your Honor. Either decide the appeal or grant the stay is the only two ways out of that. Crowley's conceded negligence, right? Yes. Crowley has conceded negligence. Crowley has not conceded limitation. Right, but the limitation is easy. If we say, oh, the judges . . . and, you know, if the state court awards something beyond this $130-something million, which I find extremely unlikely, then you just chop that part off if we reverse on the limitation. I guess I just don't . . . to me, I don't see the efficiency problem with the way this is proceeded. We would have to go back to . . . so if a verdict like that is returned, and let's assume for sake of argument, I agree with you, it's highly unlikely . . . I mean, these weren't wrongful deaths, right? They weren't, although I will say that the demands being made are in the nine figures. So those cases . . . let's assume that a jury comes back with something that's over the limitation amount. Let me back up. Let's assume that this court says, we, Crowley . . . we accept your argument, Crowley was liable but is entitled to limitation. So now the limitation is $137 million. But the joint claims of ADM and then the jury comes out with a really large verdict in the state court case, we would have to somehow get back . . . all of that back into the federal court system, right? Because then it would be up to the district court to decide how to prorate the limitation fund. And so that . . . because the claimants here didn't make stipulations when the injunction was dissolved, which . . . that's the Lewis and Clark case, right? The Supreme Court case Justice O'Connor wrote that said that you can have the limitations lifted if the claimants make stipulations, that if the judgments exceed the limitation fund, they'll be willing to go back to the federal court to have the federal court prorate those up. I . . . I would like to point out the . . . the appellees disagree with us strongly that this is a . . . a case of first impression in this circuit. And they . . . they point to precedent, which they . . . what they call precedent, which is the case of Pershing-Otto Reynolds v. Gaffney. And they say that under the rule of articulateness, this court is . . . there's a remarkable reading of that case. That case does not address the issue here. In Pershing, Judge Brown set out the issue before the court in the first paragraph of the decision, which is, in a multiple claim and inadequate fund limitation proceeding, may the admiralty court modify its traditional injunction to permit some of the claimants to establish their claims in state court. And the Fifth Circuit said no. In Dicta, the court did say that claimants are free to pursue the shipowner in any other jurisdiction, should limitation be denied. But the court said nothing about the timing of that procedure. What happens when limitation petitioners take an interlocutory appeal, as is . . . as is their right to do, and to have . . . have the appellate court hear the findings of the district court? The other cases cited by the appellees are equally unavailing. So if there are no other questions, I'll . . . I'll save the rest of my time for rebuttal. May it please the Court, Your Honor. Andy Dupree for the appellees, Clement Bell, Rahimi Knighton and Robert Sayles, the so-called personal injury plaintiffs. I think I'd like to address sort of the legal side of this and the practical side. Legally, the question of whether the limitation petitioners are entitled to an injunction on appeal after they lose a trial in the district court on the issue, they don't have a single case that says that. And turning to the body of precedent on this, dating back all the way to 1956, a case, Enray Wood, from the Second Circuit which we cited. Enray Wood, in ordering a remand on an issue of whether certain claims were subject to limitation or not . . . excuse me, Enray Wood explicitly said, in the remand, if limitation is denied, that order should address the injunction issue. That is what this Court quoted in Pershing. And again, we're talking about a remand. I don't know how they can call it dicta. This Court, when it instructs the district courts how to proceed on cases before it, that's the mandate. That's what we're ordering you to do. And Enray Wood, Pershing, these are not outlier cases. The Fourth Circuit has similar jurisprudence. We cited two cases from within this circuit, Cameron Boat Reynolds and Petitioner Follett, both Texas and Louisiana, following the same rule. At the time, the district court denies limitation. Dissolving the injunction is just the way it goes. Judge Fallon certainly didn't abuse his discretion in following that procedure here in light of the law. We can take a more statutory approach. We can look to the two rules, 46 U.S.C. . . . Let's suppose . . . I'm trying to understand what's really at stake here. Sure, Judge. Let's suppose there's a verdict in the state court litigation on June 30th and exceeds the value of the vessel. And then we were to say, like, mid-July or August, come out and say, well, we think there should be a limitation to the value of the vessel. So how does that affect the state court proceeding? So I think there's two aspects to that, but I'm happy to answer the question in full. First, in terms of the fault allocation that was discussed a minute ago, as maybe you caught onto, Judge Costa, there's no dispute that Crowley concedes they're 100 percent at fault. The only dispute, I think, that we'd even realistically be talking about is whether APTX has fault or not. That seemed to be what was being discussed a minute ago. In terms of the damage side, if a damage award was rendered in the state court action and theoretically it would exceed the value of the limitation, theoretically, what would happen is APTX and Crowley in the state court case would appeal that judgment in state court. While it was on appeal, we wouldn't have a binding final judgment. There's no—to the extent there's a question of race to judgment, I promise you, they are not just going to concede and pay us if we win in state court. There will be a pending appeal in state court. This court will render its judgment, and certainly we will respect the court's judgment, however it goes, but the court will then remand the case back to Judge Fallon, and Judge Fallon will have the power to enter whatever injunctive relief he finds appropriate in that instance based on, you know, there's a state court judgment, but the Fifth Circuit has told me what to do, guys. Welcome back to limitation. And it would be in Judge Fallon's injunctive power to decide the issue. So I tend to agree that I don't think there is a real inefficiency risk here. To the extent there's the potential that we could duplicate proceedings, you might say, it's not a reparable injury. All they're really looking at is the expenditure of legal fees and the litigation of a case. I mean, if, you know, people who lose injunctive questions in the district court often would like injunctions on appeal, but we have demanding standards for that, and under FRAP 8, the waiver rule, everything that this court applies in instances like that, you've got to make those showings to get an injunction on appeal. And I would submit none of that is present here, and there's no automatic entitlement to an injunction in a limitation case. They're not special litigants among... You're not saying it's prohibited. You're just saying it's the normal injunction elements have to be met. Absolutely, Judge Costa. Absolutely. With that, if there are any questions, I'll be happy to answer them. Otherwise, I think it's clear Judge Fallon did not abuse his discretion, and we would respectfully request that the court affirm. The only point that I would make is that limitation petitioners are absolutely entitled to an The question before the court today is, when is it appropriate to dissolve that injunction? When there is an interlocutory appeal taken pursuant to the rules, should the injunction stay into place until that interlocutory appeal is heard and thus terminated in the proceeding? And that's the issue that we present to the court today. Unless you have any other questions... Do you have examples where courts have issued impending appeal after denying limitation? I do not have any examples of that, and that's the reason why we say we believe this is a case of first impression in this circuit, or in any circuit, because I was unable... You're saying it's a case of first impression is a little different than saying you don't know any district court that's ever, or appellate court, that's issued, kept an injunction in place after limitation was denied pending appeal. You're right. I know plenty of district court cases that have dissolved the injunction after trial when no appeal was taken, but I don't have any case where the appellate court then I mean, we have plenty of cases where the appellate courts either modify or reinstate the injunction on an interlocutory appeal, but mainly all those cases are before an actual trial. So in other words, it's usually where the court modifies the injunction and then an appeal is taken and the appellate court sends it back. Are there any other questions? If not, I would respectfully ask that the district court's dissolution of the injunction be reversed. Thank you. Thank you. That will conclude the arguments for today. The court will recess until 9 o'clock